778 F.2d 196
 42 UCC Rep.Serv. 60
 COAKLEY AND WILLIAMS, INC., a Maryland corporation; Neil T.
Coakley; Geraldine L. Coakley; Fred G. Williams;
Jean Williams, Appellants,
v.
SHATTERPROOF GLASS CORPORATION, a Delaware corporation, Appellee.
and
Washington Plate Glass Co., Inc. a Washington, D.C.
corporation, Third Party Defendant.
 No. 85-1053.
 United States Court of Appeals,
Fourth Circuit.
 Argued Oct. 8, 1985.
Decided Dec. 2, 1985.
 
 C. Lawrence Wiser, Kensington, Md. (M. Michael Cramer, Rockville, Md., on brief), for appellants.
 Gerald I. Katz (Mark J. Stone, Wickwire, Gavin & Gibbs, P.C., Vienna, Va., on brief), for appellee.
 Before HALL and SPROUSE, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 K.K. HALL, Circuit Judge:
 
 
 1
 Coakley & Williams, Inc. ("Coakley"), a Maryland corporation, appeals from the order of the district court in this diversity action granting judgment on behalf of Shatterproof Glass Corporation ("Shatterproof"). Finding no error, we affirm.
 
 
 2
 This is the second appeal to this Court in this matter. A full statement of the underlying facts is provided in our earlier opinion, Coakley & Williams, Inc. v. Shatterproof Glass Corp., 706 F.2d 456 (4th Cir.1983). Briefly, the dispute in this case arose from the construction of a building in Lanham, Maryland, in 1977. Coakley, serving as the general contractor, employed by written agreement Washington Plate Glass ("Washington") "to furnish and install aluminum and glass curtain wall and storefront work" in the building. Washington purchased the glass from Shatterproof. When the glass proved unsatisfactory, Coakley instituted legal action against Shatterproof[1] alleging breach of implied warranties of merchantability and fitness for particular purpose pursuant to the Maryland Uniform Commercial Code ("U.C.C."), Annotated Code of Maryland, Sec. 101 et seq.
 
 
 3
 Initially, the district court granted Shatterproof's motion for dismissal pursuant to the Federal Rules of Civil Procedure, Rule 12(b)(6). The district court agreed with Shatterproof that the applicability of the U.C.C. turned upon the nature of the contract between Washington and Coakley. Examining that contract, the court concluded that the admittedly hybrid or mixed contract was predominantly one for service. Finding no material fact in dispute, the court ruled that the U.C.C. was inapplicable and dismissed Coakley's complaint.
 
 
 4
 On appeal, we remanded this case, holding that the determination of whether a hybrid contract is predominantly for the sale of goods and thus within the U.C.C. presents a factual question generally unsuited to resolution by summary judgment. We further concluded that a substantial factual inquiry into such elements as (1) the language of the contract, (2) the nature of the business of the supplier, and (3) the intrinsic worth of the materials involved normally could not be conducted within the context of a Rule 12(b)(6) motion.
 
 
 5
 On remand, the district court conducted, as we had directed, a thorough inquiry into the facts surrounding the Washington-Coakley contract. The court also followed the guidance we offered in our earlier opinion and applied the leading cases on the issue of hybrid contracts under Maryland law[2] to determine whether the "predominant factor" or "thrust" of the contract at issue was toward service or goods. The district court then held that because Coakley was not a buyer of goods within the meaning of the U.C.C., it could not maintain an action for breach of warranties against Shatterproof. The court also concluded that a purchaser of services could not rely upon the abolition of buyer-seller privity contained in the amended Maryland U.C.C.[3] This appeal followed.
 
 
 6
 In the present appeal, Coakley contends that the district court erred in finding that the contract between Coakley and Washington was primarily for service and thus not governed by the U.C.C. Coakley also asserts that the district court erred in concluding that Shatterproof was not liable under the U.C.C. as a seller of goods regardless of any contractual relationship between Washington and Coakley.[4] We disagree.
 
 
 7
 The district court's determination that the contract between Washington and Coakley was primarily for service is a factual one subject to review only under a clearly erroneous standard. Based upon our consideration of the briefs, the record, and oral argument, we find nothing erroneous in the district court's factual conclusion. Nor do we perceive any error in the court's application of the facts to the law.
 
 
 8
 We also see no merit in Coakley's contention that the district court erred in finding that the applicability of the U.C.C. turned solely on the Washington-Coakley contract. For this argument Coakley relies upon the abolition of privity in Maryland's U.C.C. Sec. 2-314 and the statement in our earlier opinion that "nothing should prevent Coakley from arguing that Shatterproof, clearly having supplied goods, remains subject to the U.C.C." 706 F.2d at 458 n. 8. We believe that Coakley's reliance is misplaced in both instances.
 
 
 9
 Maryland's amended section 2-314 expanded the definition of "seller" but made no express change in the definition of buyer which remains defined in U.C.C. Sec. 2-103(1)(a) as "a person who buys or contracts to buy goods." The district court had already concluded that Coakley had purchased service, not goods. Coakley offered no controlling authority below to support its contention that the U.C.C.'s clear definition of buyer had been altered. We can, therefore, see no error in the court's conclusion that the expansion of privity in section 2-314 extended no additional rights to a purchaser of services.
 
 
 10
 Moreover, our prior statement was not a ruling on the merits of Coakley's claim. Indeed, we expressly stated that it had not figured in the disposition of the case. Id. Our previous action reinstated the controversy with all claims intact. It permitted Coakley on remand to make its argument on the effect of the abolition of privity. It did not guarantee success.
 
 
 11
 For the foregoing reasons, the judgment of the district court is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 [1]
 Washington Plate Glass had become involved in an involuntary bankruptcy proceeding. Efforts by Shatterproof to join it as a third party defendant were unavailing
 
 
 [2]
 The district court's bench opinion noted the applicability of Bonebrake v. Cox, 499 F.2d 951 (8th Cir.1974), which was expressly adopted in Maryland in Burton v. Artery, Inc., 279 Md. 94, 367 A.2d 935 (1977). The court in Bonebrake had articulated the "predominant purpose" test that we advocated in our previous opinion
 The district court also properly distinguished the only exception to the predominant purpose test in Maryland, which was stated in Anthony Pools, A Division of Anthony Industries v. Sheehan, 295 Md. 285, 455 A.2d 434 (1983). The court therein had applied U.C.C. warranties to a contract predominantly for service when the defective element (a diving board) retained its identity as consumer goods. The court in the instant case found that the glass did not retain its separate identity, a factual conclusion that we do not find erroneous.
 
 
 [3]
 Maryland's U.C.C. Sec. 2-314 as amended addresses the applicability of implied warranties and contains the following language:
 (a) In Secs. 2-314 through 2-318 of this title, "seller" includes the manufacturer, distributor, dealer, wholesaler or other middleman or the retailer; and
 (b) Any previous requirement of privity is abolished as between the buyer and the seller in any action brought by the buyer.
 
 
 [4]
 Shatterproof, in response to Coakley's contention, argues that the district court properly found the U.C.C. inapplicable but that in any instance the statute of limitations had run on any claims Coakley might have. Because we reject both of Coakley's contentions, we find it unnecessary to address the limitations issue